IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REHABCARE GROUP EAST, INC ) | |
| ) | Case No. 10 cv 02350 |
| Plaintiff ) | |
| vs. ) | |
| ) | |
| CAMELOT TERRACE, INC. et. al. ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS

NOW COMES the Defendants CAMELOT TERRACE, INC. ("Camelot") REGAL HEALTH AND REHAB CENTER, INC ("Regal") FOREST HILL HEALTH & REHAB CENTER, INC. ("Forest Hill") GALESBURG TERRACE, INC. (Galesburg Terrace") GEM HEALTHCARE MANAGEMENT, INC. ("Gem") and MICHAEL LERNER ("Lerner") by and through their attorney Jeffrey K. Gutman of Gutman and Associates LLC and pursuant to Federal Rule 12(b)(1) moves to dismiss the plaintiff's amended complaint as follows:

1. The Plaintiff REHABCARE GROUP EAST, INC alleges in its amended complaint paragraph 12, and 13 that it entered into four (4) independent contracts with CAMELOT, REGAL, FOREST HILL and GALESBURG TERRACE, INC. and that it performed therapy services at each of the four nursing facilities in Illinois.

2. REHABCARE GROUP EAST, INC alleges in its complaint paragraph 2 that it is a Delaware corporation with its principal place of business in St. Louis, MO.

3. The plaintiff has failed to allege that it has obtained any certificate of authority to do business in the State of Illinois.

4. On May 8, 2009, the RehabCare Group East, Inc. authority to transact business was revoked by the State of Illinois. A certified copy of the Secretary of State revocation of Rehabcare's right to transact business in Illinois is attached hereto as Exhibit A.

5. The Illinois Business Corporation Act § 805 ILCS 5/13.70(a) provides as follows::

> *No foreign corporation transacting business in this State without authority to do so is permitted to maintain a civil action in any court of this State, until the corporation obtains that authority. Nor shall a civil action be maintained in any court of this State by any successor or assignee of the corporation on any right, claim or demand arising out of the transaction of business by the corporation in this State, until authority to transact business in this State is obtained by the corporation or by a corporation that has acquired all or substantially all of its assets.*

6. An out-of-state corporation with an Illinois based cause of action cannot sue until it has a certificate of authority. *Kansas Quality Constr., Inc. v. Chiasson*, 112 Ill. App. 2d 277 (4th Dist. 1969).

7. In *Wirth, Ltd. v. The Silvretta*, 575 F. Supp. 1274, 1276 (N.D. Ill. 1984) the Court held that a party must have a certificate of authority to maintain a lawsuit in the Federal Courts. However, in *Wirth* the Court held that it is the Defendant's burden to show that the foreign corporation is doing business in Illinois in violation of the statute.

8. In our case, it is undisputed from the Plaintiff's complaint that this Plaintiff does business in Illinois. It is also undisputed from the allegations of the complaint the plaintiff did business in Illinois by providing therapy services at least (4) different nursing facilities under (4) independent contracts. See complaint paragraphs 12, and 13.

9. That Plaintiff, an out-of-state corporation without a certificate of authority may not bring suit in any Court in this State and lacks standing to file this suit or maintain this action.

WHEREFORE the Defendants pray this cause of action be dismissed.

                                        Respectfully submitted:


                                        _s/Jeffrey K. Gutman_____
                                        Attorney for Defendants

Jeffrey K. Gutman
Gutman and Associates LLC
4018 North Lincoln Ave.
Chicago, IL 60618
773.472.4500