IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REHABCARE GROUP EAST, INC ) | |
| ) | Case No. 10 cv 02350 |
| Plaintiff ) | |
| vs. ) | |
| ) | |
| CAMELOT TERRACE, INC. et. al. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

NOW COMES the Defendants CAMELOT TERRACE, INC. ("Camelot") REGAL HEALTH AND REHAB CENTER, INC ("Regal") FOREST HILL HEALTH & REHAB CENTER, INC. ("Forest Hill") GALESBURG TERRACE, INC. (Galesburg Terrace") GEM HEALTHCARE MANAGEMENT, INC. ("Gem") and MICHAEL LERNER ("Lerner") by and through their attorney Jeffrey K. Gutman of Gutman and Associates LLC and submits the following reply in support of its motion to dismiss the plaintiff's amended complaint as follows:

1. The plaintiff in its reply admits that it does not have the required certificate of authority to do business in the State of Illinois.

2. The Plaintiff's affidavit attempts to explain why its authority was revoked by the State. However, the reasons are all irrelevant to the admission that the plaintiff did not have the required certificate of authority at the time that it filed this lawsuit and does not have the certificate now.

4. The Plaintiff correctly states that a certificate is not required to **defend** an action. See 805 ILCS 5/16.70(b).

5. However the language is clear in § 805 ILCS 5/13.70(a)

> No foreign corporation transacting business in this State without authority to do so is permitted to **maintain a civil action in any court** of this State, until the corporation obtains that authority.

6. The legislature permitted defense of a case but corporations can not the file a lawsuit without the certificate of authority.

7. The Plaintiff suggests that the Court stay proceedings until it obtains the certificate of authority. This does not resolve the problem because the Plaintiff had no right to file the case and this The Court had no jurisdiction at the time the case was filed.

8. An out-of-state corporation with an Illinois based cause of action *cannot sue* until it has a certificate of authority. *Kansas Quality Constr., Inc. v. Chiasson*, 112 Ill. App. 2d 277 (4th Dist. 1969).

7  In our case, it is undisputed from the Plaintiff's complaint that this Plaintiff does business in Illinois. It is also undisputed from the allegations of the complaint the plaintiff did business in Illinois by providing therapy services at least (4) different nursing facilities under (4) independent contracts. See complaint paragraphs 12, and 13.

9  That Plaintiff, an out-of-state corporation without a certificate of authority had no authority to bring suit in this case and the plaintiff lacked standing to file this suit

WHEREFORE the Defendants pray this cause of action be dismissed.

Respectfully submitted:

_s/Jeffrey K. Gutman_____
Attorney for Defendants

Jeffrey K. Gutman
Gutman and Associates LLC
4018 North Lincoln Ave.
Chicago, IL 60618
773.472.4500