IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REHABCARE GROUP EAST, INC., d/b/a REHABCARE GROUP THERAPY SERVICES, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | No. 10 CV 02350 |
| v. | ) ) | Hon. Amy J. St. Eve |
| CAMELOT TERRACE, INC.; REGAL HEALTH AND REHAB CENTER, INC.; FOREST HILL HEALTH AND REHAB CENTER, INC.; GALESBURG TERRACE, INC.; GEM HEALTHCARE MANAGEMENT, INC.; and MICHAEL LERNER a/k/a MOSHE LERNER, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

On April 15, 2010, Plaintiff, Rehab Group East, Inc., brought suit against the named defendants, alleging that they had failed to pay Plaintiff for therapy services that it had provided to residents of the Camelot Terrace nursing facility. (R. 1.) Defendants have moved to dismiss the lawsuit on the ground that the Court lacks subject-matter jurisdiction. (R. 32.) Although Defendants are mistaken in this regard—complete diversity exists between the parties and thus the Court enjoys subject-matter jurisdiction under 28 U.S.C. § 1332—Plaintiff does lack the capacity to bring suit. There is no dispute that the Illinois Secretary of State revoked Plaintiff's certificate of authorization. Nor do the parties contest the fact that the Illinois Business

1

Corporation Act ("the Act") prohibits a foreign company lacking such a certificate from maintaining a civil action within the state. *See* 805 ILL. COMP. STAT. 5/13.70(a). Because the Act precludes Plaintiff from pursuing an action in federal court sitting in diversity in Illinois, the Court grants Defendants' motion to dismiss, without prejudice.

## BACKGROUND

Plaintiff alleges that it entered into separate agreements with Camelot Terrace, Inc., Regal Health and Rehab Center, Inc., Forest Hill Health and Rehabilitation Center, Inc., and Galesburg Terrace, Inc., to provide therapy services at their skilled nursing facilities. (R. 10 at 2-3.) Plaintiff contends that it performed all obligations required under those agreements, and that Camelot Terrace, Regal, Forest Hill, and Galesburg must pay for the services Plaintiff has provided. (*Id.* at 3.) Defendants have failed, Plaintiff alleges, to pay the outstanding invoices or otherwise to perform as they are required to under the pertinent agreements. (*Id.* at 5.) The First Amended Complaint contends that Defendants are liable under certain state-law causes of action, including breach of contract, promissory estoppel, unjust enrichment, account stated, tortious interference with contracts, and fraudulent conveyance. (*Id.* at 6-10.)

On July 27, 2010, Defendants moved to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. (R. 32.) Defendants contend that Plaintiff "has failed to allege that it has obtained any certificate of authority to do business in the State of Illinois" and observe that the Illinois Business Corporation Act ("the Act") provides that "[n]o foreign corporation transacting business in this State without authority to do so is permitted to maintain a civil action in any court of this State." (R. 32 at 1-2 (citing 805 ILL. COMP. STAT. 5/13.70(a).). Defendants further point out that the

2

State of Illinois revoked Plaintiff's authority to transact business, and thus Plaintiff lacks standing. (*Id.* at 2.)

## LEGAL STANDARD

When reviewing a motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the Court should generally accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Harris v. Quinn*, No. 10-CV-2477, 2010 WL 4736500, at *4 (N.D. Ill. Nov. 12, 2010) (citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). On such a motion, however, the Court is not necessarily bound to accept the truth of the complaint's allegations, but may look beyond the complaint and the pleadings to evidence that calls the Court's jurisdiction into doubt. *Bastien v. AT&T Wireless Servs., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000).

## ANALYSIS

### I. The Court Has Subject-Matter Jurisdiction Over the Present Case

As a preliminary matter, Defendants improperly frame their motion as one to dismiss under Rule 12(b)(1) for want of subject-matter jurisdiction. (R. 32.) The Illinois Business Corporation Act does not affect this Court's subject-matter jurisdiction. *See, e.g.*, *Wagner Furniture Interiors, Inc. v. Kemner's Georgetown Manor, Inc.*, 929 F.2d 343, 345 (7th Cir. 1991); *Summers v. Interstate Tractor and Equip. Co.*, 466 F.2d 42, 50 (9th Cir. 1972); *APC Filtration v. Becker*, 646 F. Supp. 2d 1000, 1004-05 (N.D. Ill. 2009). Rather, the Act deprives foreign corporations that lack certificates of authority of the capacity to maintain suit in any court in Illinois. *Id.* The First Amended Complaint alleges that Plaintiff is a Delaware corporation with its principal place of business in St. Louis, Missouri, and that Defendants are

3

comprised of Illinois corporations with their principal places of business in Chicago, Illinois, and a citizen of Illinois, who maintains his domicile within Illinois. (R. 10 at 2-3.) Because the parties do not direct the Court to any contrary evidence, and as the First Amended Complaint seeks damages in excess of $75,000, the Court has subject-matter jurisdiction under 28 U.S.C. § 1332. *See, e.g.*, *Morgan Guaranty Trust Co. of New York v. Blum*, 649 F.2d 342, 345 n.3 (5th Cir. 1981) ("We do not believe that the failure to obtain a certificate of authority deprives the district court of subject matter jurisdiction."); *see also A.S. Int'l Corp. v. Salem Carpet Mills, Inc.*, 441 F. Supp. 125, 126 (N.D. Ga. 1977).

## II. Defendants Have Properly Raised Plaintiff's Lack of Capacity to Sue in their Motion to Dismiss

Rule 9(a) requires that, to raise a party's capacity to sue, "a party must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge." Fed. R. Civ. P. 9(a). The Seventh Circuit has held that a party must raise a corporation's incapacity to bring suit under the Illinois Business Corporation Act in an appropriate pleading to avoid waiver. *Wagner Furniture*, 929 F.2d at 345-46. Defendants raise this defense effectively in the instant motion. *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1140 (7th Cir. 2009) ("The lack of capacity to sue or be sued is a defense that must be pleaded with specificity or it is waived."). Defendants have not yet answered, and so they have raised their objection in a timely manner. *See, e.g.*, *Swaim v. Moltan Co.*, 73 F.3d 711, 718 (7th Cir. 1996) ("Questions involving a party's capacity to sue . . . must . . . be identified in either a responsive pleading or motion.").

### III. The Illinois Business Corporation Act Requires Plaintiff to have a Certificate of Authority to Bring this Action

Plaintiff concedes that "the Illinois Secretary of State revoked [its] certificate of authority on May 8, 2009," but submits, first, that "the failure of a foreign corporation to obtain authority to transact business in this State . . . does not prevent the corporation from defending any action in any court of this State" and, second, that it "believes it has nearly reached a resolution of the issues satisfactory to the State of Illinois." (R. 38 at 1-2 (citing 805 ILL. COMP. STAT. 5/16.70(b).).

There is no dispute that Plaintiff lacks the requisite certificate of authority. (R. 32; R. 38.) Nor do the parties dispute that the Illinois Business Corporation Act prevents a company that lacks such a certificate from bringing a lawsuit. (*Id.*) In this respect, Plaintiff's assertion that the Act does not prevent a corporation from defending an action is irrelevant to the present case, given its procedural posture. Furthermore, the parties agree that Plaintiff conducts business in Illinois, such that the Act clearly applies. *Cf. Subway Rests., Inc. v. Riggs*, 696 N.E.2d 733, 737 (Ill. App. 1st Dist. 1998) ("A corporation engaged in only occasional and isolated transactions in Illinois is not required to obtain a certificate of authority."). The Court will therefore consider the question whether the Act bars Plaintiff's lawsuit in the present case.

### IV. The Illinois Business Corporation Act Bars Plaintiff's Lawsuit

#### A. The Act Applies to a Federal Court Sitting in Diversity

The parties do not address the question whether the Illinois Business Corporation Act applies to bar a company that lacks the requisite certificate from filing suit in federal, as opposed to state, court. A federal court sitting in diversity applies substantive state law (as determined by

the forum state's choice-of-law rules) and federal procedural law. *See, e.g.*, *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 838 (7th Cir. 2010); *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009). Neither party disputes that substantive Illinois law applies in the present case. (R. 32; R. 38.) The relevant question, then, is whether the Act's requirement that a foreign corporation possess a certificate of authority to maintain a civil action is a matter of substantive or procedural law.

Relevant case law holds that a corporation's capacity to sue is a question of substantive law. *See Oklahoma Natural Gas Co. v. Oklahoma*, 273 U.S. 257, 259-60 (1929); *Chrysler Credit Corp. v. Superior Dodge, Inc.*, 538 F.2d 616, 618 (4th Cir. 1976). As a result, the Act applies to a corporation, lacking a certificate of authorization from the Illinois Secretary of State, that brings an action in federal court that sits in diversity and applies Illinois substantive law.

   **B.**  **Although There Is an Ostensible Conflict Between the Act and Federal Rule of Civil Procedure 17(b)(2), the Former Applies to Bar Plaintiff's Lawsuit**

The Illinois Business Corporation Act's application to the present case is complicated by the Federal Rules of Civil Procedure, which provide that a corporation's capacity to sue "is determined . . . by the law under which it was organized." Fed. R. Civ. P. 17(b)(2). The First Amended Complaint reveals that Plaintiff "is a Delaware corporation with its principal place of business in St. Louis, Missouri." (R. 10 at 2.) If Delaware or Missouri law applies to the instant case, then Plaintiff would successfully avoid the relevant provision of the Illinois Business Corporation Act. If this were the case, plaintiffs could easily avoid such substantive state law by bringing suit in a federal court sitting in diversity. Relevant precedent, however, reveals that the Act applies in the present case, notwithstanding Rule 17(b).

In its decision in *Woods*, the Supreme Court reversed a Court of Appeals decision that allowed a foreign corporation not authorized to do business by the relevant state to maintain an action in federal court. *Woods v. Interstate Realty Co.*, 337 U.S. 535 (1949). The Supreme Court explained that "a right which local law creates but which it does not supply with a remedy is no right at all for purposes of enforcement in a federal court in a diversity case; that where in such cases one is barred from recovery in the state court, he should likewise be barred in the federal court. The contrary result would create discriminations against citizens of the State in favor of those authorized to invoke the diversity jurisdiction of the federal courts." *Id.* at 538.

*Woods*, which has not been overruled, suggests that the Illinois Business Corporation Act applies in the present case to bar Plaintiff's action. Several lower-court decisions are in accord. *See, e.g.*, *Teal Energy USA, Inc. v. GT, Inc.*, 369 F.3d 873, 881 (5th Cir. 2004) (observing that "a foreign corporation conducting business in Texas without a certificate of authority from the Texas Secretary of State will be barred . . . from filing suit in either Texas state court or in a federal court sitting there in diversity . . . . In such circumstances, a federal forum is foreclosed, not because of the absence of complete diversity, but because a federal court applying Texas law would necessarily conclude that it lacked authority to entertain the action"); *Am. Guar. Ins. Co. v. Asbestos Control, Inc.*, 785 F. Supp. 65, 66-67 (M.D. Pa. 1992) (discussing *Woods,* describing Pennsylvania law's requirement that a foreign corporation shall not be permitted to maintain any action "in any court of this Commonwealth," and observing that "such statutes operate to limit access to the federal courts in actions based solely on diversity jurisdiction"); *ILC Corp. v. Latino Newspaper, Inc.*, 747 F. Supp. 85, 87 (D.D.C. 1990) (holding that D.C.'s "'door-closing statute' that prevents foreign corporations . . . from bringing an action in a D.C. court unless it

has obtained a certificate of authority . . . applies with equal force to this Court sitting in diversity"); *McCollum Aviation, Inc. v. CIM Assocs., Inc.*, 438 F. Supp. 245, 247 (S.D. Fla. 1977) (observing the conflict between Rule 17(b) and a Florida law providing that a corporation cannot sue in Florida courts unless it has obtained authority to conduct business, but holding that the former rule is procedural, whereas the latter provision is substantive, such that the Florida law "must be given precedence over Rule 17(b)"); *Flour Mills of Am., Inc. v. Pace*, 75 F.R.D. 676, 678 (E.D. Okla. 1977) ("[E]ven though a corporation has capacity to sue if it is entitled to sue according to the law under which it was organized, it still may be deprived of a federal forum for noncompliance with a corporate registration or other door-closing statute of the forum state."); *Textile Banking Co. v. Colonial Chem. Corp.*, 285 F. Supp. 824, 826 (N.D. Ga. 1967) (observing Rule 17(b)'s requirement that the "capacity of a corporation to sue . . . shall be determined by the law under which it was organized," but explaining that "there is a rather important qualification of this general rule. In a case involving local law and not federal law . . . the plaintiff must have an enforceable remedy in the state in which the federal court is sitting before the plaintiff is entitled to relief in the federal court"); *see also Power City Commc'ns v. Calaveras Tel. Co.*, 280 F. Supp. 808, 812 (E.D. Cal. 1968) (rejecting the argument that "Rule 17(b) is . . . not within the ambit of *Erie*, and controls the question of capacity to sue" and holding that, "in a case where the forum state's rule affecting capacity to sue would bar a suit which would otherwise be permitted under the Federal Rules, state law must be followed"); *Steed v. Warrior Capital, L.L.C.*, No. 06-CV-348, 2007 WL 3357415, at *3 (W.D. Okla. Nov. 7, 2007).

In 1965, however, the Supreme Court determined that district courts should apply the Federal Rules of Civil Procedure when they directly conflict with applicable state law. *Hanna v. Plumer*, 380 U.S. 460 (1965). More specifically, the Supreme Court faced the question whether a district court sitting in diversity should look to the relevant state law or Federal Rule of Civil Procedure to determine the manner in which one must effect service of process. *Id.* The Supreme Court found that the Federal Rule of Civil Procedure "neither exceeded the congressional mandate embodied in the Rules Enabling Act nor transgressed constitutional bounds." *Id.* at 464.

Some have interpreted *Hanna* as calling *Woods* into question, "by suggesting that Rule 17(b) applies to the exclusion of a forum state door-closing statute so long as it is a valid exercise of authority under the Rules Enabling Act." *Domino Media, Inc. v. Kranis*, 9 F. Supp. 2d 374, 381 (S.D.N.Y. 1998); *see also* Laura E. Little, *Out of Woods and Into the Rules: The Relationship Between State Foreign Corporation Door-Closing Statutes and Federal Rule of Civil Procedure 17(b)*, 72 VA. L. REV. 767, 769 (1986) (arguing that "a federal court should apply Rule 17(b), rather than the forum's foreign corporation door-closing statute, to determine whether a corporation has the capacity to sue . . . in a diversity action. Once federal courts begin to follow this approach, foreign corporations will not be deprived of access to court in most instances where the forum courts are closed under state law").

The weight of authority is against the application of Rule 17(b) in the present case. The Court agrees with the reasoning in these opinions. In particular, in light of the fact that the Illinois Business Corporation Act constitutes substantive law, while Rule 17(b) constitutes a procedural rule, it would be improper under *Hanna* and the Rules Enabling Act, 28 U.S.C. §

2072, to apply Rule 17(b) over the Illinois Act in the present case. *Accord McCollum*, 438 F. Supp. at 247-48. The Court therefore holds that the Act applies to the present case, and serves to preclude Plaintiff's action.

C. **The Court Dismisses the Case Without Prejudice**

Plaintiff urges the Court merely to stay the case until it obtains the filed application of reinstatement. (R. 38 at 2.) In light of the undisputed fact that Plaintiff has not obtained a certificate of authority from the State of Illinois, however, the Court grants Defendants' motion to dismiss without prejudice. If Illinois reinstates Plaintiff, it may refile the suit..

## CONCLUSION

For the reasons explained above, the Court grants, without prejudice, Defendants' motion to dismiss.

Dated: December 15, 2010

                          **ENTERED**

                          _____
                          **AMY J. ST. EVE**
                          **United States District Court Judge**